1  MCNUTT LAW FIRM, P.C.
   Daniel R. McNutt, Esq., Bar No. 7815
2  Matthew C. Wolf, Esq., Bar No. 10801
   625 South Eighth Street
3  Las Vegas, Nevada 89101
   Tel.: (702) 384-1170 / Fax.: (702) 384-5529
4  drm@mcnuttlawfirm.com
   mcw@mcnuttlawfirm.com
5
   TAFT STETTINIUS & HOLLISTER LLP
6  Manuel "Manny" Herceg, Esq.*
   Jonathan G. Polak, Esq. *
7  One Indiana Square, Suite 3500
   Indianapolis, Indiana 46204
8  Tel: (317) 713-3500 / Fax: (317) 713-3699
   mherceg@taftlaw.com
9  jpolak@taftlaw.com
   *Pro Hac Vice Petitions pending*
10 Counsel for Plaintiffs

11                    UNITED STATES DISTRICT COURT

12                          DISTRICT OF NEVADA

| | |
|---|---|
| 13  MICHIGAN LICENSED BEVERAGE ASSOCIATION, a Michigan corporation, | Case No.: 2:20-cv-01664-JAD-VCF |
| 14 | |
|     Plaintiff, | **Order Granting Motion to Approve Stipulated Consent Decree** |
| 15 | |
|  v. | |
| 16 | ECF No. 35 |
| AREP, INC. d/b/a ACE BARTENDING ACADEMY, a Nevada corporation; and DAVID DOLINSKY, individually | |
| 17 | |
| 18 | |
|  Defendants. | |

19
   The Court, having read and considered the Joint Stipulation re Entry of Proposed Consent
20
   Decree that has been executed by Plaintiff, Michigan Licensed Beverage Association, ("MLBA"),
21
   and Defendants, AREP, Inc., d/b/a/ Ace Bartending Academy ("AREP") and David Dolinsky
22
   ("Dolinsky") in this action:
23
        1.     This is an action for damages and other appropriate relief arising out of Defendant's
24
   alleged violations of the Lanham Act, 15 U.S.C. § 1114(1), 15 U.S.C. § 1125(a), 15 U.S.C. § 1116
25
   and 15 U.S.C. § 1117, as well as Defendant's alleged common law trademark infringement. The
26
   trademarks that are the subject of this action are United States Registration No. 3,274,609 for
27
   "alcohol management certification card" in International Class 16 and "Providing training services
28

                                                1

in the field of alcohol management" in International Class 41 for the trademark TAM CARD and United States Registration No. 1,333,709 for "Educational Services to Licensed Liquor Establishments" in International Class 41 for the trademark TAM (collectively the "TAM Registrations").

2. MLBA sells its goods and services under the well-known TAM and TAM CARD trademarks (collectively the "TAM Trademarks") throughout the United States. MLBA has widely advertised and sold its TAM and TAM CARD trademarked goods and services throughout the United States for many years in conjunction with identification, advertising and marketing material that feature the TAM trademarks.

3. MLBA filed its Complaint in this case on September 10, 2020. AREP filed its Answer on January 4, 2021. In an effort to resolve their differences, MLBA and AREP have reached a settlement, and as part of that settlement, have stipulated to this Consent Decree.

THEREFORE, with the consent of the Parties to this Decree, it is ORDERED, ADJUDGED, AND DECREED:

4. This Court's subject-matter jurisdiction is based on 28 U.S.C. §1338(a) and (b) (Acts of Congress pertaining to trademarks and related actions), 15 U.S.C. §1051, et seq. (Federal Lanham Act), 28 U.S.C. §1331 (Federal Question), and 28 U.S.C. §1367 (Supplemental Jurisdiction), as well as the federal and state common law and the statutory law of the state of Nevada. MLBA, Dolinsky and AREP (the "Parties") consent to and shall not challenge entry of this Consent Decree or this Court's jurisdiction to enter and enforce this Consent Decree.

5. Service of process was properly made on Defendants.

6. The TAM Registrations, and more generally the TAM Trademarks, relate primarily to the core business of MLBA, namely the conducting of seminars and conference in the licensed beverage retail and restaurant industries on the topic of alcohol management and the resulting alcohol management certification card.

7. MLBA alleges that Defendants have used the TAM Trademarks in its business and marketing efforts, specifically in connection with its business of conducting of educational and training seminars on the topic of alcohol management.



8. MLBA has asserted that Defendants have made unauthorized uses of the TAM trademarks and that such use infringes on MLBA's rights in those marks AREP has denied those allegations.

9. Nonetheless, Defendants has made the following representations to the Court and to MLBA:

> (a) Defendants acknowledge the current validity and exclusive ownership by MLBA of the TAM Registrations and the TAM Trademarks and MLBA's rights to the use of TAM Trademarks for the goods and services stated in the TAM Registrations.
>
> (b) DEFENDANTS AFFIRMATIVELY REPRESENT AND ACKNOWLEDGE THAT THE TAM REGISTRATIONS AND TAM TRADEMARKS ARE EXPRESSLY NOT GENERIC OR OTHERWISE INVALID AS OF THE DATE OF THE EXECUTION OF THIS AGREEMENT, AND EXPRESSLY WAIVE ANY RIGHT TO MAKE THE ARGUMENT THAT MLBA'S TAM REGISTRATIONS AND THE TAM TRADEMARKS ARE GENERIC OR OTHERWISE INVALID AT ANY TIME IN THE FUTURE REGARDLESS OF WHATEVER PUBLIC POLICY ARGUMENTS MIGHT EXIST TO THE CONTRARY (WHICH ARE HEREBY EXPRESSLY WAIVED).

10. Dolinsky, individually, and AREP, its affiliates, subsidiaries, officers, agents, servants, and employees during their employment term, and all others aiding, abetting or in active concert or participation therewith, are permanently enjoined as follows:

> (a) Defendants may not, unless otherwise provided herein, individually or in conjunction with any third party, whether or not through counsel, use the TAM Trademarks or the TAM Registrations, in any manner whatsoever, without the express written permission of MLBA.
>
> (b) Defendants may not engage in any conduct that encourages or promotes a belief in third parties or the public at large that the TAM Marks are generic or have become generic.
>
> (c) Defendants shall not take any action of any kind that would be detrimental to the goodwill of MLBA's TAM Marks;
>
> (d) Defendants shall not identify themselves to the public as associated with MLBA or any licensee of MLBA, including O/E Learning, Inc d/b/a TAM of Nevada;
>
> (e) Defendants shall not identify themselves as "TAM CARD of Las Vegas", "TAM of Las Vegas", "TAM CARD of Nevada", "TAM of Nevada", "Alcohol Awareness TAM Card Las Vegas" or similar identification;

3

(f) Defendants shall not use TAM or TAM CARD in any publicly viewable website metadata, or where that metadata results in a publicly viewable use of TAM or TAM CARD, except where specifically authorized in writing by MLBA;

(g) Defendants shall not use TAM or TAM CARD in the any web page title (or title of any individual web page) of any website, including but not limited to, www.nevadadrinkcard.com, www.alcoholcardlasvegas.com, or www.alcoholawarenesscardlasvegas.com, except where expressly permitted in writing by MLBA;

(h) Defendants shall not use TAM or TAM CARD in any online advertisement that is generated from purchase of related keywords under any search engine adwords program;

(i) Defendants shall not engage in any activity that may damage, be detrimental to, lessen or invalidate MLBA's rights in the TAM Marks. Specifically AREP, Dolinsky, or any entity that Dolinsky controls shall not: (a) file any application or seek to register, (b) attempt to obtain any rights in or ownership of any kind in, or (c) knowingly do business with or obtain any ownership in or control of any entity, individual or third party who does or attempts to do any of the foregoing with respect to, any mark, trade name or internet domain anywhere throughout the world that incorporates the TAM Marks or any similar mark, including but expressly without limitation to any phonetically similar marks, including, but expressly not limited to the respective plural forms, whether as a noun, adjective or other word forms of the TAM Marks;

(j) Defendants are prohibited from registering internet domain names that incorporate or include the TAM Marks;

(k) Defendants shall not make reference to MLBA, O/E Learning, Inc., TAM or TAM CARD in their alcohol training classes or lectures;

(l) Defendants shall not mislead or confuse a person by stating that they are affiliated with MLBA or O/E Learning, or otherwise make a false statement concerning MLBA or O/E Learning's goods or services. In the event that a customer of MLBA or O/E Learning contacts AREP, and it is clear based on the circumstances that such customer has already paid for services to MLBA, O/E Learning or any other licensee of MLBA, then AREP shall direct them to MLBA's Nevada licensee and shall not collect or attempt to collect any other fee for services from that person, including the offering to print off an alcohol awareness training certificate or "card" for that persons' use;

(m) Defendants shall immediately cease in the use of "TAM CARD LAS VEGAS" and "Alcohol Awareness TAM Card Las Vegas" to identify itself, and covenants to never identify itself as "TAM CARD LAS VEGAS", "Alcohol Awareness TAM Card Las Vegas", or otherwise in any similar description, ever again in the future, including without limitation in any Google Business Listing.

4

(n) Defendants individually, or in conjunction with any third party, whether or not though counsel, are further prohibited from:

   (i) opposing or petitioning to cancel, or assisting anyone else in opposing or cancelling MLBA's current or future registrations in the TAM Trademarks;

   (ii) challenging, causing to be challenged or assisting any third-party in challenging the validity of the TAM Trademarks or MLBA's ownership or rights in or to the TAM Trademarks, in any way, including but expressly not limited to the assertions that the TAM Trademarks are allegedly generic or have become generic;

   (iii) knowingly conducting business with, owning an interest in, or obtaining control of any entity, individual or third party that takes any action that AREP or Dolinsky is prohibited from taking pursuant to the terms and/or conditions set forth in this Consent Decree.

11. This Consent Decree shall be binding upon and shall inure to the benefit of the Parties hereto and their respective successors, representatives and assigns. The benefits and covenants conferred by or agreed to under this Consent Decree shall be binding upon any person or entity(ies) acquiring substantially all of the assets of either of the Party's business relevant to this Consent Decree.

12. Nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Consent Decree. The preceding sentence shall not be construed to waive or nullify any rights that any person not a signatory to this Decree may have under applicable law. Subject to any contractual agreements between the parties, which are not waived, the Parties expressly reserve any and all rights (including, but not limited to, any right to contribution), defenses, claims, demands, and causes of action which they may have with respect to any matter, transaction, or occurrence relating in any way against any person not a Party to this Consent Decree.

13. This Court shall retain jurisdiction over this matter for the purpose of interpreting and enforcing the terms of this Consent Decree.

14. If MLBA believes that either or both Defendants are in violation of the terms of this Consent Decree, MLBA shall give written notice to Defendants, identifying the nature of the



violation that has occurred or is occurring, and a minimum of ten (10) days from date such written notice is delivered to address and cure the identified violations before filing to enforce this Consent Decree.

15. This Consent Decree shall be deemed served upon Defendants at the time of its execution by the Court.

16. This Consent Decree shall constitute the final judgment between the Parties. The Court finds that there is no just reason for delay and therefore enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58, subject to the other provisions herein relating to the continuing jurisdiction and authority of this Court.

Therefore, the Motion to Approve the Stipulated Consent Decree **[ECF No. 35] is GRANTED**, and the Clerk of Court is directed to **ENTER JUDGMENT** accordingly and **CLOSE THIS CASE.**

_____
U.S. District Judge Jennifer A. Dorsey
Dated: December 29, 2021

THE UNDERSIGNED PARTIES enter into this Consent Decree in the matter of *Michigan Licensed Beverage Association v. AREP, Inc. d/b/a Ace Bartending Academy*, 2:20-cv-01664-JAD-VCF (D. Nev.).

MICHIGAN LICENSED BEVERAGE ASSOCIATION

*[signature]*

SCOTT ELLIS
Executive Director
Michigan Licensed Beverage Association
920 North Fairview
Lansing, Michigan 48912

AREP D/B/A ACE BARTENDING ACADEMY

*[signature]* 12/1/21

Printed Name: DAVID DOLINSKY
Title: President
4079 N. Rancho Drive, Suite 170
Las Vegas, NV 89130

DAVID DOLINSKY, individually

*[signature]* 12/1/21

Printed Name: DAVID DOLINSKY

224 Star Diamond Court
Las Vegas, NV 89183

7